UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Brad Dutton,<br><br>Plaintiff,<br><br>v.<br><br>Stifel Nicolaus & Company, Inc., TD Bank, N.A., Gordan C. Brydger, and Brydger & Porras, LLP a/k/a The Law Offices of Sara J. Singer, P.A.,<br><br>Defendants. | ) | Civil Action No.: 4:19-cv-01605-RBH<br><br>**TEMPORARY RESTRAINING ORDER** |

This matter is before the Court for a ruling on Plaintiff's "Motion for Extension of Temporary Restraining Order and Request for a Hearing." *See* ECF No. 5. The Court heard and orally granted the motion earlier today,[1] and now issues the instant Order in accordance with Fed. R. Civ. P. 65(b).

**Discussion**[2]

The Brydger Defendants[3] obtained a default judgment in Florida against Plaintiff—a South Carolina citizen—for unpaid legal fees and subsequently sent writs of garnishment issued by a Florida court to Plaintiff's bank (Defendant TD Bank) and investment advisor (Defendant Stifel Nicolaus). Plaintiff then filed the instant action in the Florence County Court of Common Pleas alleging the Brydger Defendants did not properly domesticate the foreign Florida judgment in South Carolina, and

---

[1] Present at the hearing were counsel for Plaintiff, counsel for Defendant Stifel Nicolaus, and counsel for the Brydger Defendants (who indicated they had not yet been served). Defendant TD Bank was not present, and Plaintiff indicated TD Bank was no longer a necessary party for purposes of the TRO.

[2] The Court has reviewed the entire record, including the removal documents, Plaintiff's instant motion, and his supplement to the motion. *See* ECF Nos. 1, 5, & 12. The Court briefly summarizes the facts where necessary.

[3] "The Brydger Defendants" refers to Defendant Gordan Brydger and Defendant Brydger & Porras, LLP a/k/a The Law Offices of Sara J. Singer, P.A.

the S.C. state circuit court issued a temporary restraining order ("TRO") that expires today (June 10, 2019) and enjoins Defendants Stifel Nicolaus and TD Bank from disbursing Plaintiff's funds/assets. On June 4, 2019, Defendant Stifel Nicolaus then removed the action to federal court, and on June 7, 2019, Plaintiff filed the instant motion asking this Court to extend the state-court-ordered TRO.

To obtain a TRO, a plaintiff must show (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent the relief, (3) the balance of equities tips in his favor, and (4) injunctive relief is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated and remanded on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part*, 607 F.3d 355 (4th Cir. 2010).[4] Rule 65(b) of the Federal Rules of Civil Procedure governs the issuance and contents of a TRO. Fed. R. Civ. P. 65(b). A district court cannot issue a TRO unless "the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

As for the first *Winter* factor, the Court finds Plaintiff has made a "clear showing," *Real Truth*, 575 F.3d at 346, that he is likely to succeed on the merits of his claim that the Brydger Defendants failed to comply with South Carolina's Uniform Enforcement of Foreign Judgments Act,[5] which "provides the mechanism for the filing and enforcement of foreign judgments in South Carolina." *Katzburg v. Katzburg*, 764 S.E.2d 3, 5 (S.C. Ct. App. 2014) (summarizing the Act and how money judgments are generally enforced in South Carolina). As for the second *Winter* factor, the Court finds Plaintiff has

---

[4] Although *Winter* concerned a preliminary injunction, courts have applied the same four criteria to TROs. *See, e.g.*, *Schwartz v. Wellin*, No. 2:13-CV-3595-DCN, 2014 WL 51212, at *2 (D.S.C. Jan. 7, 2014); *Luther v. Wells Fargo Bank*, 2012 WL 423753, at *1 n.1 (W.D. Va. Feb. 8, 2012).

[5] S.C. Code Ann. §§ 15–35–910 to –960 (2005 & Supp. 2018).

made a “clear showing,” *Real Truth*, 575 F.3d at 347, that he is likely to suffer irreparable harm absent preliminary relief because his funds/assets would otherwise be released to the Brydger Defendants and potentially lost forever. As for the third *Winter* factor, the Court finds Plaintiff has established that the balance of equities tip in his favor because the Brydger Defendants’ burden of having to comply with South Carolina law governing enforcement of foreign judgments (which, as the Court noted at the hearing, is primarily a matter of jumping through legal “hoops”) is minimal compared to the harm of Plaintiff losing over $150,000. Finally, regarding the fourth *Winter* factor, the Court concludes Plaintiff has shown preliminary relief is in the public interest because the Brydger Defendants—like any other judgment creditor—should have to comply with South Carolina law before collecting on a foreign judgment.

The Florida judgment is also entitled to full faith and credit pursuant to the U.S. Constitution. *See* U.S. Const. art. IV. Freezing Mr. Dutton’s Stifel Nicolaus account in the amount of $160,000 recognizes the public interest in an unappealed and presumably valid judgment, as Plaintiff’s counsel indicated there has been no appeal or motion to vacate or set aside the judgment in the Florida courts. Freezing Mr. Dutton’s Stifel Nicolaus account also obviates the necessity of Plaintiff posting a security bond and maintains the status quo of Plaintiff and the Brydger Defendants, who claim to have a valid judgment as judgment creditors.

The Court concludes Plaintiff has satisfied the four *Winter* factors and therefore is entitled to a TRO.

## **Conclusion**

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff’s Motion for Extension of Temporary Restraining Order and Request for a Hearing [ECF No. 5] and **ISSUES** a temporary

restraining order.

It is therefore **ORDERED** that Defendant Stifel Nicolaus must hold the sum of $160,000.00 in the Dutton account and shall not disburse those funds to any party without further order of the Court. Pursuant to Fed. R. Civ. P. 65(b)(2), this TRO is good for fourteen days but may be extended under Rule 65(b)(2). Plaintiff may also file a motion for preliminary injunction.

The Court encourages the parties to consider a consent order regarding keeping Mr. Dutton's Stifel Nicolaus account frozen in the above amount during the pendency of this case. The Court notes this TRO applies with equal force to Mr. Dutton, and he cannot access the Stifel Nicolaus funds without further order of the Court.

**IT IS SO ORDERED.**

Florence, South Carolina
June 10, 2019
4:35 P.M.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge