# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| BRAD DUTTON, | Civil Action No.: 4:19-cv-01605-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| STIFEL NICOLAUS & COMPANY, INC.; GORDAN C. BRYDGER; and BRYDGER & PORRAS, LLP, a/k/a/ THE LAW OFFICES OF SARA J. SINGER, P.A., | |
| Defendants. | |

This matter is before the Court on Defendants Gordan C. Brydger ("Brydger"), and Brydger & Porras, LLP, a/k/a The Law Office of Sara J. Singer, P.A..'s ("Brydger & Porras," and collectively with Brydger, "Moving Defendants") motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure and motion to transfer venue pursuant to 28 U.S.C. § 1631, and alternative motion to transfer venue pursuant to 28 U.S.C. § 1404(a). ECF No. 17. For the reasons set forth below, the Court grants Moving Defendants' motion to transfer the case under 28 U.S.C. § 1404(a). As a result, Moving Defendants' motion to dismiss and motion to transfer venue pursuant to 28 U.S.C. § 1631 are rendered moot.

## Factual and Procedural Background

This case arises out of a dispute over attorneys' fees. *See*, *generally*, ECF No. 1-1 at 3-8 ("Compl."). Plaintiff Brad Dutton ("Dutton") is - and has been since 2014 - a resident of South Carolina. *Id.* ¶ 1. Defendant Stifel Nicolaus & Company, Inc. ("Stifel") is a Missouri corporation, *id.* ¶ 2, with offices in, *inter alia*, Florida and South Carolina, ECF No. 17-1 at 2. Moving Defendants are residents of Florida. Compl. ¶¶ 4-5.

In July, 2016, Dutton entered an agreement with Brydger & Porras for Brydger & Porras to represent Dutton in a domestic relocation matter. Compl. ¶ 9; ECF No. 17-1 at 17-19. Under the terms of the agreement, Dutton agreed to pay Brydger & Porras at hourly rates ranging from $150 per hour for paralegals to $500 per hour for Brydger's work. ECF No. 17-1 at 17. Dutton also agreed to pay Brydger & Porras "for any and all of the ordinary and necessary costs incurred while rendering services" to him under the agreement. *Id.* The agreement provided for a retainer of $25,000 ($20,000 to be applied to fees, and $5,000 to be applied to costs, with $2,500 of the retainer to be maintained in trust and used towards the final bill). *Id.* In the event Dutton failed to pay fees and costs owed, the agreement indicated Brydger & Porras would pursue action in the courts of Broward County, Florida, and would be entitled to fees and costs associated with pursuing the monies owed. *Id.* at 18. The agreement also granted Brydger & Porras an interest in Dutton's real and personal property within the jurisdiction of the court. *Id.*

On June 30, 2018, Brydger & Porras provided Dutton with a final statement of account indicating Dutton owed $139,445.39 for services rendered. *Id.* at 20, 22. When Dutton failed to pay the amount due, Brydger & Porras filed a lawsuit against Dutton in the Circuit Court for Broward County, Florida bringing causes of action for: 1) breach of contract, and 2) account stated. *Id.* at 21-23. The summons, complaint,[1] and exhibits were served on Dutton on December 19, 2018. *Id.* at 36. When Dutton failed to answer or respond to the complaint, Brydger & Porras moved for default; that motion was likewise served on Dutton. *Id.* at 34-35. The Clerk of Court of the Circuit Court for Broward County, Florida entered a default against Dutton on January 25, 2019. *Id.* at 40. On February 18, 2019, Brydger & Porras provided an affidavit as to fees, costs, and amounts owing, *id.* at 37-39, 41; on

---

[1] Dutton was, in fact, served with the amended complaint, but for simplicity, this Court refers to that pleading as the complaint in that case.

February 27, 2019, the Circuit Court entered a default final money judgment against Dutton in the amount of $151,464.59 as of Februrary 15, 2019, plus interest. *Id.* at 40-41. The Circuit Court reserved jurisdiction to enforce said Order. *Id.* at 41.

Based upon their representation of Dutton, Brydger & Porras knew Dutton had assets with, *inter alia*, Stifel. *See id.* at 24-33. Plaintiff avers he opened his Stifel accounts in South Carolina, and they are maintained in South Carolina. ECF No. 22-1 ¶ 3. Following entry of the default final money judgment against Dutton, the Clerk of Court for the Circuit Court of Broward County, Florida issued a writ of garnishment dated April 2, 2019, as to Stifel. ECF No. 17-1 at 47. The writ directed Stifel to serve an answer on Brydger and file it with the Clerk of Court indicating whether Stifel held any of Dutton's funds, and in what amount. *Id.* at 47. The Clerk of Court noted that the amount sought was $151,464.59, plus interest. *Id.* The writ was to be served on Stifel via its registered agent in Plantation, Florida. *Id.* Stifel filed an answer via its Florida attorney indicating it had an account in Dutton's name and had frozen $160,00 of funds in that account to ensure the judgment and interest owing were paid. *Id.* at 54-55. Brydger & Porras served a notice of garnishment which included copies of the writ of garnishment, Stifel's answer, and directions for contesting the garnishment, on Dutton on April 11, 2019. *Id.* at 45-53.

On May 5, 2019, Dutton was notified of a hearing to be held on May 21, 2019, on Brydger & Porras's motion for final judgment of garnishment. *Id.* at 56-58. After Dutton failed to file any answer or otherwise contest the garnishment, on May 21, 2019, the Circuit Court for Broward County, Florida signed a final judgment of garnishment ordering Stifel to pay $156,140.27, which sum included interest through May 28, 2019, from Dutton's funds to Brydger & Porras. *Id.* at 59-60.

3

On May 28, 2019, Dutton filed the instant lawsuit against Stifel, T.D. Bank, N.A.,[2] Brydger, and Brydger & Porras in the Court of Common Pleas for Florence County, South Carolina. Compl. Dutton's complaint alleged Brydger and Brydger & Porras failed to properly domesticate the foreign Florida judgment in South Carolina, and failed to follow South Carolina law regarding executing judgments, and T.D. Bank, N.A. and Stifel had wrongfully frozen his accounts. *See, generally*, *id.* Plaintiff brought claims for: 1) injunction against all Defendants; 2) conversion against all Defendants; 3) unfair trade practices against Brydger and Brydger & Porras; and 4) breach of fiduciary duty/negligence against Brydger and Brydger & Porras. *Id.* Dutton also moved for a temporary restraining order ("TRO") prohibiting Stifel and T.D. Bank, N.A. from disbursing Dutton's funds to Brydger. ECF No. 1-1 at 9-19. The Florence County Court issued a TRO the same day restraining T.D. Bank, N.A. and Stifel from disbursing funds to Brydger or Brydger & Porras; the TRO was due to expire ten days after issuance. *Id.* at 20. On June 3, 2019, the Florence County Court extended the TRO through June 10, 2019, which was the first date the Court could hold a hearing on the TRO. ECF No. 5-1 at 1-2

On June 4, 2019, Stifel removed the case to this Court. ECF No. 1. Dutton filed a motion to extend TRO, ECF No. 5, and following a hearing on June 10, 2019, this Court issued an Order granting the TRO as to Stifel, and ordering Stifel to hold $160,000 of Dutton's funds and not disburse said funds to any party without further Order of the Court.[3] ECF No. 14.

On June 20, 2019, Moving Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) seeking dismissal of Dutton's complaint as to them for lack of personal jurisdiction. ECF No.

---

[2] On June 12, 2019, Plaintiff voluntarily dismissed T.D. Bank, N.A. from this action. ECF No. 15.

[3] Dutton had indicated to the Court T.D. Bank, N.A. was no longer a necessary party for the TRO. ECF No. 14 at 1 n.1.

17. If the Court found it lacked personal jurisdiction over Moving Defendants, they requested transfer to the United States District Court for the Southern District of Florida ("Southern District of Florida") under 28 U.S.C. § 1631. *Id.* In the alternative, Moving Defendants sought transfer to the Southern District of Florida under 28 U.S.C. § 1404(a). *Id.* Dutton filed a response in opposition, ECF No. 22, to which Moving Defendants replied, ECF No. 23. Accordingly, this matter is now ripe for decision.

### Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). District courts have wide discretion to transfer an action under § 1404(a) "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

A district court has the power to transfer venue under § 1404(a) even if it lacks personal jurisdiction over the defendants in the action. *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2nd Cir. 2001). However, a district court must have subject matter jurisdiction over a case to transfer the case under § 1404(a). *See Grimsley v. United Eng'rs & Constructors, Inc.*, 818 F. Supp. 147, 148 (D.S.C. 1993) ("When the court lacks subject matter jurisdiction, it does not have the power to transfer pursuant to § 1404(a).").

In analyzing a motion to transfer venue under 28 U.S.C. § 1404(a), a district court must conduct a two-step analysis: 1) the district court must consider whether venue would be proper in the proposed district; and 2) if the proposed venue would be proper, the court must evaluate "whether transfer is in

5

the interest of justice and will serve the convenience of the parties and witnesses." *United States v. $78,850.00 in U.S. Currency*, 446 F. Supp. 2d 428, 431 (D.S.C. 2006). This analysis involves an "individualized, case-by-case consideration of convenience and fairness . . . ." *Van Dusen*, 376 U.S. at 622. In making that individualized analysis, courts in this Circuit look at: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Svcs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

## Discussion

Because the Court may transfer this case pursuant to 28 U.S.C. § 1404(a) without determining whether it has personal jurisdiction over Moving Defendants, *Fort Knox Music Inc.*, 257 F.3d at 112, the Court need not address Moving Defendants' motion to dismiss nor their motion to transfer pursuant to 28 U.S.C. § 1631. Having reviewed the briefing and the relevant law, however, the Court notes that there appears to be - at best - a very weak case for this Court to exercise specific personal jurisdiction over Moving Defendants. The vast majority of the facts underlying this case took place in Florida. Plaintiff is a resident of South Carolina, and Moving Defendants attempted to collect a debt by freezing accounts Plaintiff alleges he opened and maintained in South Carolina. Those are the only connections between this case and South Carolina. The Court notes, however, that the writ of garnishment by which Brydger & Porras attempted to collect the debt owing was to be served on Stifel not in South Carolina, where the assets are purportedly maintained, but in Florida, where Stifel also has offices.

Turning to Moving Defendants' motion to transfer under 28 U.S.C. § 1404(a), the Court must first determine whether it has subject matter jurisdiction over the action. Moving Defendants assert the Court has such jurisdiction. ECF No. 17-1 at 9. Plaintiff raises no disagreement on this point, but

6

argues the factors to be considered weigh against transfer. ECF No. 22 at 6-9. The Court holds it has subject matter jurisdiction over the parties because there is complete diversity among the parties, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a) (providing district courts with subject matter jurisdiction over cases in which the parties are diverse and the amount in controversy exceeds $75,000).

Moving Defendants also assert venue would be proper in the Southern District of Florida where Moving Defendants are located. ECF No. 17-1 at 9. Dutton neglects to object to this assertion. *See* ECF No. 22 at 6-9. The Court agrees the Southern District of Florida is a proper venue for this action. As noted above, a major part of the events giving rise to this action occurred in the Southern District of Florida, and thus venue is proper there. *See* 28 U.S.C. § 1391(b)(2) (providing venue is proper in a federal civil action in "a judicial district in which a substantial part of the events or omissions giving rise to the claim[s] occurred"); *see also Federal Judicial Districts of Florida*, https://www.flsd.uscourts.gov/Federal-Judicial-Districts-Florida (last visited July 15, 2019) (including Broward County - where the underlying case against Dutton was pursued- among the areas covered by the Southern District of Florida). Further, even if venue were not proper in the Southern District of Florida under the statute providing venue where most of the underlying facts took place, it would still be proper there because Brydger & Porras is a resident of the Southern District of Florida, and that court would thus have personal jurisdiction over Brydger & Porras. *See* 28 U.S.C. § 1391(b)(3) (providing, if none of the other statutes conferring venue results in a district where a case can be heard, venue will lie where any defendant is subject to personal jurisdiction); *see also* ECF No. 17-1 at 17-20 (indicating Brydger & Porras was located in Fort Lauderdale at the time Dutton entered into the agreement with them and at the time the dispute over attorneys' fees arose); *id*. at 44 (indicating at the

time the notice of garnishment was served on Dutton, the Law Offices of Sara J. Singer, P.A. was located in Pompano Beach, Florida).[4]

The Court next turns to the second element of the test for transfer under 28 U.S.C. § 1404(a): whether such transfer is in the interest of justice and serves the convenience of the parties and witnesses. In making that determination, as noted above, the Court looks at plaintiff's choice of venue, convenience and access of witnesses, convenience of the parties, and the interest of justice. *Trs. of the Plumbers &Pipefitters Nat'l Pension Fund*, 791 F.3d at 444.

"As a general rule, a plaintiff's 'choice of venue is entitled to substantial weight in determining whether transfer is appropriate.'" *Id.* (quoting *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 4777 (E.D.Va. 2007)). Dutton chose to bring the instant case in Florence County, South Carolina. That choice is entitled to substantial weight.

The next factor to be considered is access to, and convenience for, the witnesses. Witnesses here may include Brydger, employees of Brydger & Porras who prepared or witnessed the signing of the fee agreement between Dutton and Brydger & Porras, or worked on Brydger & Porras's litigation to recover attorneys' fees, Sara J. Singer, representatives from Stifel, and Dutton. Dutton resides in South Carolina. Dutton's Stifel representative, whom he alleges opened and maintained his accounts here, also likely resides in South Carolina. The Court notes, however, that the South Carolina Stifel representative was not the person to be served with the writ of garnishment as to Stifel, and thus may be a less important witness to the extent he is a witness at all. The remaining witnesses likely reside in Florida, and at least some of them may be accessible to the Southern District of Florida, but not to

---

[4] Both Pompano Beach and Fort Lauderdale are located in Broward County, Florida. Broward County is one of the counties covered by the Southern District of Florida. *Federal Judicial Districts of Florida*, https://www.flsd.uscourts.gov/Federal-Judicial-Districts-Florida (last visited July 15, 2019) .

8

the District of South Carolina, *see* Fed. R. Civ. P. 45(c) (providing limitations on the ability of the district court to subpoena a witness). Accordingly, this factor leans towards transferring the action.

South Carolina would be more convenient for Dutton, who resides here. Brydger, and Brydger & Porras are citizens of Florida, so the Southern District of Florida would be more convenient for them. Stifel is a Missouri corporation with a representative in South Carolina who allegedly opened and maintained the funds at issue here, and a representative in Florida who was to be served with and respond to the writ of garnishment. Accordingly, Stifel has ties to both South Carolina and Florida. This factor thus weighs neutral between South Carolina and Florida.

The final factor to be considered is the interest of justice. South Carolina has an interest in protecting funds belonging to its citizens.[5] This case, however, is at heart a Florida case. Dutton and Brydger & Porras entered into a contract for services in Florida. The contract provided that disputes related to unpaid fees would be pursued in Broward County, Florida. As a result of fees which Brydger & Porras claims were due under said contract but unpaid, Brydger & Porras sought legal remedies from the Florida court. The Circuit Court for Broward County, Florida entered a default final money judgment as to Dutton and issued a writ of garnishment as to Stifel. That writ of garnishment was to be served on Stifel's representative in Florida. The only connections this case has to South Carolina are: 1) Dutton resides here; and 2) Dutton alleges he opened his Stifel accounts in South Carolina, and claims they are maintained here. Because the remaining facts tie this case so closely to Florida, Florida

---

[5] Dutton argues as a South Carolina citizen, he is entitled to judgment debtor protection under South Carolina's Uniform Enforcement of Foreign Judgments Act. *See* ECF No. 22 at 5-6, 8-9. It is unclear whether Dutton's Stifel account is to be considered located in Florida or South Carolina, as opposed to real property, and that question has not been briefed in the context of domestication of a foreign judgment and whether the judgment is to be collected from Stifel in Florida or South Carolina. The nature of Dutton's Stifel account in the judgment debtor/creditor context and whether it is subject to protection by the South Carolina Uniform Enforcement of Foreign Judgments Act is something the Southern District of Florida can determine.

9

has a greater interest in resolving this case than does South Carolina. For those reasons, this factor leans strongly towards transferring this case to the Southern District of Florida.

In summary, the Court finds Dutton's choice of South Carolina is entitled to substantial weight, and convenience to the parties is neutral between transferring or retaining this action. Convenience to, and accessibility of, the witnesses and the interest of justice both weigh in favor of transferring this case to the Southern District of Florida. Specifically, Florida is more convenient for the majority of the witnesses in this case, and some may be accessible to the Southern District of Florida but not to the District of South Carolina. Further, this is - in essence - a Florida case. It arises out of purported non-payment under a Florida contract. A case was brought - and adjudicated - in Florida to collect the amount purportedly owing under that contract. The case is - at best - weakly connected to South Carolina, and thus Florida has a greater interest in deciding the instant case. For those reasons, Moving Defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a) is due to be granted.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Moving Defendants' motion to transfer under 28 U.S.C. § 1404(a). As a result, Moving Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and motion to transfer under 28 U.S.C. § 1631 are both **RENDERED MOOT**. This case is **TRANSFERRED** to the United States District Court for the Southern District of Florida.

**IT IS SO ORDERED.**

Florence, South Carolina  
July 22, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge